## Duff, et al. v. Duff, et al.

(Decided November 15, 1911.)

### Appeal from Warren Circuit Court.

1. Land—Division—Homestead.—The law favors the division of land rather than its sale for division of the proceeds, and this rule is especially applied in the case of a homestead which will not be sold, unless the land is not divisible without great diminution of its value.

2. Homestead—Improvement.—A homestead may be allotted in a tract of 177 acres of land worth $1,500 or $2,000, where the improvements on it are of value only $300 and no peculiar facts exist rendering a sale necessary.

RODES & WALLACE for appellant.

T. W. & R. C. P. THOMAS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

John Duff died a resident of Warren County in the year 1910. He left surviving him his wife, Tennie Duff and an infant son who was about seven years of age. He had been twice married, and there were several children of the first marriage who were grown. After his death, the widow, Tennie Duff, qualified as his administratrix and brought this suit for a settlement of the estate. John Duff owned a tract of 177 acres of land on which he resided with his family, and the widow asked among

other things that the homestead be set apart to her and the infant son, alleging that the land was divisible. The children of the first marriage resisted this, insisting that the tract was indivisible without materially impairing its value and asking that the whole tract be sold and $1,-000 in money set apart for the homestead of the widow and the infant child. Proof was taken and the case being heard by the court on the proof, a written order was entered adjudging that the homestead of the widow and infant be set apart to them out of the land and that three persons named as commissioners should go upon the land and set apart the homestead to them of value $1,000, including the home of the deceased, and that they should report the value of the balance of the tract after setting apart the homestead. The commissioners appointed by the court went upon the land and set apart 90 acres as a homestead which included the dwelling house, barn and spring. They reported that the 90 acres was worth $700 apart from the improvements; that the improvements were worth $300; that the remaining 87 acres were worth $500, and that the whole tract was worth $1,500. Exceptions were filed to the report upon the ground that to allot the homestead in this way would depreciate the value of the remainder of the land and the case being finally submitted the court entered a judgment that the land was incapable of division without materially impairing its value and directed the whole tract sold. From this judgment the widow appeals.

Section 1705, Kentucky Statutes, provides:

"Where the defendant in the execution, attachment or action owns real estate which is levied on or sought to be subjected to the payment of any debt or liability, and the same, in the opinion of the appraisers, is of greater value than one thousand dollars, and not divisible without great diminution of its value, then the same shall be sold under the execution, attachment or judgment, and one thousand dollars, of the money arising from the sale shall be paid to the defendant to enable him to purchase another homestead. But there shall be no sale if the land, when offered, does not bring more than one thousand dollars."

It will be observed that the statute does not allow a sale of the property unless it is "not divisible without great diminution of its value." The statute which gives the homestead right was so framed for the reason that the homestead is the home of the family, and it was

intended that the home should not be broken up unless necessary to prevent a great loss. The law favors the partition of land rather than its sale for a division of the proceeds, and there are peculiar reasons why this rule should be applied to the home of a widow and infant children. The proof shows the land is worth $1,500 or $2,000 and no peculiar facts appear requiring a sale.

If a sale may be ordered of a tract of 177 acres of land when the improvements are worth only $300, then it is hard to imagine a case where the whole tract may not be sold, and the widow required to take $1,000 in money instead of the homestead which the law gives her. On the face of the record we see no objection to the division which the commissioners made. The two tracts are left in good shape, and the adult heirs will be entitled to their interest in the homestead at the termination of the particular estate of the widow and infant child.

Judgment reversed and cause remanded, with directions to the circuit court to enter a judgment overruling the exceptions to the commissioner's report and confirming the report.